## JACOB PEASLEE *versus* D. WADLEIGH and S. SLEEPER.

In trespass, if the defendant justify at a different place from that laid in the declaration and aver that what he justifies is the same supposed trespass, it will be sufficient, without a traverse of the place laid in the declaration, in all cases where that place is immaterial.

In trespass *de bonis asportatis*, the defendant pleaded that the goods were incumbering his close, which he described by metes and bounds, and that therefore he removed them. The plaintiff replied that the defendant was not possessed of the close at the time, and upon this, issue was joined. It was held that although the defendant was bound to prove that there was such a close as he described in his plea, still it was enough to maintain the issue on his part to prove possession of that part of the close where the goods lay.

THIS was an action of trespass. The first count was for taking and carrying away on the 11th June, 1825, a quantity of pine boards. The second count was for taking and carrying away, on the same day, a quantity of pine boards lying in a certain close in Kingston, called the mill-yard, which was particularly described in the declaration.

The defendants pleaded in bar, that the said D. Wadleigh, and one John Wadleigh, were at the time when &c. lawfully possessed, as tenants in common, of a certain close in Kingston, which they particularly described by metes and bounds, and because the said boards were at the time within the same close, incumbering the same, the said D. Wadleigh in his own right, and the said S. Sleeper, as his servant, removed the said boards out of said close, doing no unnecessary damage, which they aver to be the same supposed trespasses.

To this the plaintiff replied, that at the said time, when, &c. the said D. Wadleigh and John Wadleigh, were not possessed of the said close, in manner and form as alleged in the plea, and concluded to the country, which issue was joined.

The cause was tried here at August term, 1829, when it appeared in evidence that the defendants were, at

the time of the alleged trespass, in the possession and occupancy of the land described in this plea ; and that the plaintiffs had a good title to the mill-yard mentioned in his declaration, which lay on the westerly side of the land described in the plea, and adjoining the same.

The plaintiff endeavored to prove, that the mill yard extended easterly so far as to include the land where the boards lay ; on the other hand, the defendants introduced testimony tending to prove that the easterly line of the mill-yard extended only to the line described in the plea, as the westerly line of the defendent's close.

The court instructed the jury, that if they believed, from the evidence, that the easterly side of the mill-yard extended only to the line described in the plea, as the westerly line of the close of the defendants, in that case the boards were upon the land of the defendants, and they had a right to remove them in the manner they did ; but that, should they be satisfied that the easterly line of the mill yard extended into the close described in the plea, so far as to include the place where the boards lay, in that case the boards were on the land of the plaintiff, and the defendants had no right to remove them.

The jury returned a verdict for the defendants.

*Tilton* and *Mason*, for the plaintiff,

Moved for a new trial, on the ground that the jury were misdirected. They contended that the defendants were bound to prove a title to the whole close described in their plea, and that the jury ought to have been so instructed. When the abuttals of a close are described, they must be proved as alleged.

It was not enough that the defendants proved that the place where the boards were, was their close. They were bound to prove that their close extended to the line which they had described as the westerly line of their close. 3 Starkie's Ev. 1531—1541 ; Com. Dig. Pleader *c*, 36 ; Buller's N. P. 59 and 89 ; 2 Mass. Rep. 82.

Peaslee
*v.*
Wadleigh.

They also took an exception to the plea, because the defendants justify what they did at a different place from that alleged in the declaration, and they have not traversed the place mentioned in the declaration, which they contended was a defect in substance. 1 Wilson, 81 ; Cro. Eliz. 504, and 705 ; 1 Saunders, 21.

*S. D. Bell* and *Woodbury*, for the defendants.

It is contended, in support of the motion for a new trial, that if the defendants fail to prove that the Wadleighs had possession of every part of the close described in the plea, they are not entitled to a verdict.

In answer to this, we say that the defendants are bound to prove only the substance of their plea. 1 Phillip's Ev. 153 ; Hobart, 72, *Pope* v. *Skinner ;* Buller's N. P. 300 ; Cro. James, 630, *Eardley* v. *Turnock ;* 1 Kel. 662, *Lucas* v. *Harlow ;* 2 Rolle's Ab. 703, 704, and 708 ; Cro. Eliz. 170, *Dod* v. *Coke ;* Cro. James, 662, *Elston* v. *Durant ;* Littleton, sec. 483, and Co. Litt. 281—282 ; Moor, 864, *Thorowgood* v. *Johnson ;* Yelverton, 148, *Goodman* v. *Ayling ;* Bacon's Ab. " Verdict," O.

In this case, the substance of the issue is not whether the defendants were possessed of a close bounded in a particular manner, but whether they were possessed of the spot, on which the boards were laid. In a plea, every fact which is material to the defence may be traversed. But it is apparent, that if the plaintiff had traversed the possession of the defendants in the close described in their plea, *bounded as therein described*, his replication would have been bad as being a negative pregnant. If he had traversed the abuttals given, or any one of them, his replication would have been bad, because the traverse would have been of a fact wholly immaterial, and *which does not determine the right*, since it is of no importance what were the boundaries of the close, if the Wadleighs were in possession of it, and the boards were wrongfully upon it. If issue had been joined upon a replication denying the boundaries, and there had been

a verdict for the plaintiff, the court might have rendered judgment for the defendants, *non obstante veredicto*, or must have awarded a repleader.    Tidd's Prac. 828—829 ; 2 Salkeld, 579 ; 6 Mod. 1 ; 1 Salkeld, 173 ; Willis, 364 ; 1 Burrows, 301.

The boundaries of the close described in the pleas, being immaterial, were, of course, unnecessary to be proved, and the charge of the court, that if the jury were satisfied that the boards in question were upon the land of the Wadleighs, the defendants had a right to remove them, was correct.

RICHARDSON, C. J. delivered the opinion of the court.

In trespass, *de bonis asportatis*, it is a good plea that the defendant, long before, and at the time, was lawfully possessed of a close, and that the goods were wrongfully upon the close incumbering it.    2 Chitty's Pl. 547, and 545 ; 1 East, 216 ; 1 Chitty's Pl. 496 ; Com. Dig. Pleader, 3 M 26, and C 41.

But in this case, an objection is taken to the plea.    The action is in both counts simply trespass *de bonis asportatis.* In the second count the goods are alleged, very unnecessarily, to have been taken in a close, which is particularly described.    But the injury is not local ; and the place laid in the declaration is wholly immaterial.    The wrong of which the plaintiff complains is the taking and carrying away of his goods ; and although the place where they were taken is particularly described, yet as this is wholly immaterial, it may be considered as surplusage, or mere matter of venue.    11 East, 226, *Jeffries* v. *Duncombe* ; 3 Starkie's Ev. 1569—1576.

The defendants in their plea, allege, that the goods, when taken, were in their close, which they particularly describe, and that because they were there incumbering the same close, they removed them, which they aver to be the same trespass supposed in the declaration ; but they have not traversed the place mentioned in the declaration, and this omission, it is contended, is a defect in

substance. But the law is not so, the plea is correct, both in form and substance. The rule is, that if the defendant justify at a different place from that laid in the declaration, and say in conclusion that what he attempts to justify is the same trespass supposed in the writ, the plea will be good in all cases without a traverse, when the place laid in the writ is immaterial. Com. Dig. Pleader, E 31 ; Cro. Eliz. 667, *Sands* v. *Lane* ; 2 Saunders, 5, note.

It is, therefore, unnecessary to consider what would have been, in this state of the proceedings, the effect of this exception, had it been well founded.

But a new trial is claimed in this case, on the ground that the jury were misdirected. The objection is, that they were in substance, instructed, that if they found the spot where the boards were, to be the land of the Wadleighs, the defendants were entitled to a verdict, whether the Wadleighs owned the rest of the close, described in the plea, or not.

It may be conceded, that the defendants were bound to prove that there was such a close as they described in their plea, and that the boards were within that close.

They claimed a right to remove the boards because they were incumbering a particular close, the abuttals of which are stated ; and it may be conceded, that if they had failed to show that there was such a close as they had described, or that the boards were within that close, in either case they would have failed to sustain their plea by their proof.

But it by no means follows from this, that the defendants were bound to show a title in the Wadleighs to the whole close. It is well settled, that if the plaintiff in trespass, *quare clausum fregit*, set out the abuttals of the close, he must in evidence show all the abuttals alleged. But if, after having shown the abuttals of the close, he show a title to only a part of it, and a trespass within that part, he is entitled to a verdict. Buller's N. P. 89 ; Yelverton,

114, *Winkworth* v. *Man ;* Cro. James, 183, S. C ; 11 East, 51, *Steven* v. *Whistler.*

The plaintiff, in trespass, *quare clausum fregit*, must show the abuttals of his close, because, to maintain his action, he must show a trespass done within the limits of the close described.   5 Pick. 230, *White* v. *Moseley.*

But having shown the abutments of the close, it is enough to prove a trespass in any part of the close to which he can show a title.

The rule which requires proof of the abuttals of the close in such a case, is not at all inconsistent with the rule which admits partial proof of title to the close.

In this case it appears that the plaintiff and the Wadleighs owned adjoining closes, but there was a dispute as to the place where the true line between them was.   The plaintiff placed his boards upon land claimed by the Wadleighs, and the defendants removed them.   For this the plaintiff brought his action.   The defendants in their plea described the close of the Wadleighs according to their claim, and alleged the boards to have been within that close.   At the trial, the title to part of the close described in the plea, lying next to the plaintiff's close, was in dispute, and instead of submitting it to the jury to say whether all the land in dispute was the land of the Wadleighs, it was submitted to them to say, whether the place where the boards lay was the land of the Wadleighs.

We are not aware of any principle on which the objection to the direction given to the jury can be sustained. Starkie, after examining at large the cases where partial proof is sufficient, says, the general result of these principles and inferences seems to be, that in case of redundant allegations it is sufficient to prove part of what is alleged according to its legal effect ; provided, that that which is alleged, but not proved, be neither essential to the charge or claim, nor describe or limit that which is essential, and provided, also, that the facts proved be alone sufficient to support the charge or claim.   3 Starkie's Ev. 1528--1533.

Now admitting that the evidence did not show a title in the Wadleighs to the whole close, still, if it proved that the place where the boards lay was the land of the Wadleighs, it agreed, so far as it went, with the allegations legally essential to sustain the defence, and what was alleged, and not proved, was not essential to the defence, nor did it limit or describe that which was essential, and it was sufficient to sustain the defence. If the Wadleighs owned the land where the boards lay, the defendants had a right to remove them, whether the Wadleighs owned the rest of the close or not. It therefore seems to us that the direction which was given to the jury was the only correct direction which could have been given under the circumstances.

*Judgment on the verdict.*